PEPSICO, INC., a corporation, Plaintiff,

v.

TRIUNFO–MEX, INC., a corporation, and Eriberto Candelario, an individual, Defendants.

No. CV98–10077RAP(AJWx).

United States District Court, C.D. California, Los Angeles Division.

April 30, 1999.

David C. Hilliard, Mark V.B. Partridge, Jonathan S. Jennings, Pattishall, McAuliffe, Newbury, Hilliard & Geraldson, Chicago, IL, Joan Kupersmith Larkin, Kenneth L. Wilton, Small Larkin, LLP, Los Angeles, CA, for plaintiffs.

Eriberto Candelario, c/o Triunfo–Mex, Inc., City of Industry, CA, for defendants.

## ORDER GRANTING MOTION FOR DEFAULT JUDGEMENT AGAINST DEFENDANT TRIUNFO–MEX, INC.

PAEZ, District Judge.

### I. Introduction

Pending before the Court is plaintiff Pepsi-Co, Inc.'s motion to enter a default judgment against defendant Triunfo–Mex, Inc. ("Triunfo") for violations of the Tariff Act, 19 U.S.C. § 1526, and the Lanham Act, 15 U.S.C. §§ 1051–1125. Plaintiff seeks an injunction enjoining defendant from further violating section 526 of the Tariff Act and sections 32, 42, 43(a), and 43(c) of the Lanham Act. Plaintiff also seeks treble damages, plus costs and reasonable attorneys' fees. Defendant has not appeared in the matter and has not filed an disposition to the instant motion. Upon consideration of the moving papers and argument, the Court hereby **GRANTS** plaintiff's motion and enters judgment for plaintiff as provided below.

### II. Discussion

The District Court's Local Rules provide that an application for default judgment must set forth: (1) when and against what party the default was entered; (2) that the defaulting party is neither an infant nor incompetent; (3) that the Soldiers and Sailors' Civil Relief Act of 1940 does not apply; and (4) that notice has been served on the defaulting party if required by Fed.R.Civ.P. 55(b)(2). Local Rule 14.12.

The clerk entered Triunfo's default on February 5, 1999. Triunfo is not an infant, nor incompetent. Plaintiff has established that the Soldiers and Sailors' Civil Relief Act of 1940 does not apply. Finally, the notice required by Fed.R.Civ.P. 55(b)(2) does not apply to this case.

■ Even if entry of default has been made by the court clerk, granting a default judgment is not automatic; rather, it is left to the sound discretion of the court. *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980). The court, in exercising its discretion to grant or deny entry of a default judgment, should consider the following factors: (1) the substantive merits of the plaintiff's claim; (2) the sufficiency of the complaint; (3) the amount of money at stake; (4) the possibility of prejudice to plaintiff if relief is denied; (5) whether default was the result of excusable neglect; and (6) the strong policy of the Federal Rules that favors decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir.1986). In applying this discretionary standard, default judgments are more often granted than denied.

■ In this matter, plaintiff has made a compelling showing that defendant has violated provisions of the Tariff and Lanham Acts as alleged. Plaintiff has further demonstrated that: (1) Triunfo was properly served with the summons and complaint as well as the application for default judgment, and Triunfo has failed to plead or otherwise defend in this action; (2) Triunfo willfully and intentionally infringed plaintiff PepsiCo's federally registered trademarks; (3) plaintiff is entitled to a permanent injunction against Triunfo's infringing conduct to avoid future irreparable harm to its trademarks; and (4) Triunfo received $14,946 in sales of soft drinks manufactured or bottled in Mexico and imported into and sold in the United States with the protected trademarks.

■ In addition to injunctive relief, plaintiff requests damages in the amount of $14,946, reflecting profits made by defendant in violation of the Tariff and Lanham Acts. Plaintiff further requests that this amount be trebled. 15 U.S.C. § 1117(a) confers authority on the court to treble defendant's profits in the event that compensatory damages are inadequate to deter future infringing conduct. *See Taylor Made Golf Co., Inc. v. Carsten Sports Ltd.,* 175 F.R.D. 658, 663 (S.D.Cal.1997). Given the nature of defendant Triunfo's infringing conduct, the Court elects to treble defendant's profits and award plaintiff $44,838 in damages.

■ Section 1117(a) also allows for an award of attorneys' fees in connection with Lanham Act violations provided that exceptional circumstances are present. Exceptional circumstances exist in this matter due to defendant's deliberate and willful conduct. *See id.* Since section 1117(a) allows for the recovery of attorneys' fees, plaintiff is entitled to recover such fees pursuant to the

default schedule set forth in Local Rule 14.12.3. Under the schedule, plaintiff is entitled to $3,290.28. The Court may exercise its discretion to award an amount in excess of the schedule if warranted. Local Rule 14.12.3. Plaintiff has requested attorneys' fees in the amount of $21,661.41 for 101.7 hours of work. The Court finds that this amount is excessive, particularly in light of the fact that this case was fairly routine and unopposed. Thus, the Court declines to award plaintiff the full $21,661.41 it has requested. Upon review of plaintiff's attorney time records, the Court finds that plaintiff's fee request should be reduced by thirty per cent (30%) to eliminate unnecessary and redundant work by plaintiff's team of lawyers. Accordingly, the Court finds that $15,162.98 constitutes an award of reasonable attorneys' fees under section 1117(a) and given the totality of circumstances, the Court finds that such an award is fully warranted in this case.

Finally, plaintiff is awarded its costs of suit pursuant to Fed.R.Civ.P. 54(d), Local Rule 16.4, and 15 U.S.C. § 1117(a) in the total amount of $1,349.26.

Because the Court finds no just reason to delay entry of judgment against defendant Triunfo–Mex, the Court orders entry of a separate judgment against defendant Triunfo–Mex.

**IT IS SO ORDERED.**