**ELEKTRA ENTERTAINMENT GROUP INC., a Delaware corporation; UMG Recordings, Inc., a Delaware corporation; Capitol Records, Inc., a Delaware corporation; and Sony Music Entertainment Inc., a Delaware corporation, Plaintiffs,**

v.

**Joel A. CRAWFORD, Defendant.**

**No. CV 04–5865 SJO(MCX).**

United States District Court,
C.D. California.

Feb. 11, 2005.

Karin G. Pagnanelli, Rohit Uday Shendrikar, Mitchell Silberberg and Knupp, Los Angeles, CA, for Plaintiffs.

## ORDER GRANTING PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

OTERO, District Judge.

This matter is before this court on Plaintiffs Elektra Entertainment Group, UMG

Recording, Capital Records, and Sony Music Entertainment's ("Plaintiffs") Application for Default Judgment by the court pursuant to Rule 55(b)(2) of the Federal Rules of Civil Procedure ("Fed. R. Civ.P.") and Local Rule 55. On September 9, 2004, default was entered against Defendant Joel A. Crawford ("Defendant"). For the reasons stated below, the court GRANTS the Motion for Default Judgment.

## I. BACKGROUND

The Plaintiffs are four copyright owners, or licensees of exclusive rights under United States copyright law, with respect to certain copyrighted sound recordings (the "Copyrighted Recordings"). (Compl. ¶ 10). Among the exclusive rights granted to each Plaintiff under the Copyright Act are the rights to reproduce the Copyrighted Recordings and to distribute the Copyrighted Recordings to the public. (Compl. ¶ 11). The Plaintiffs allege that the Defendant, without the permission or consent of the Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make Copyrighted Recordings available for distribution to others. (Compl. ¶ 12). In doing so, the Plaintiffs allege that the Defendant violated the Plaintiffs' exclusive rights of reproduction and distribution, and allegedly infringed upon the Plaintiffs' copyrights and exclusive rights under copyright law. (Compl. ¶ 12).

The Plaintiffs, Elektra Entertainment Group, UMG Recording, Capital Records, and Sony Music Entertainment, sought injunctive and statutory damages to remedy the alleged infringement of copyright law by the Defendant, Joel A. Crawford. (Compl. at 3–4). The Complaint was filed on July 20, 2004, and the Defendant was served with the Summons and Complaint on July 21, 2004 by personal service. (Pagnanelli Decl. Sept. 7, 2004, Ex. A). The Defendant failed to respond to the Complaint or otherwise take part in any aspect of this litigation. This court's clerk subsequently entered default against the Defendant on September 9, 2004, pursuant to Fed.R.Civ.P. 55(a). (Pagnanelli

Decl. Oct. 1, 2004, Ex. 2). Defendant failed to oppose or otherwise respond to the Application for Default Judgment.

The instant Motion is for default judgment against the Defendant. Plaintiffs request an injunctive order, requiring the Defendant to be enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and in any other sound recording that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs). Plaintiffs also request the court to order the Defendant to destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control. (Compl. at 3–4).

In addition, the Plaintiffs request $6,200 in damages and costs of suit. (Appl. Default J. at 14–15). Because Plaintiffs have satisfied the procedural requirements for entry of default judgment by the court, and because the Motion for Default satisfies the *Eitel* factors, *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir.1986), the court hereby GRANTS Plaintiffs' Motion for Default Judgment, and hereby GRANTS Plaintiffs' request for an injunctive order, statutory damages, and costs of suit.

## II. DISCUSSION

### A. Procedural Requirements for Entry of Default Judgment by the Court

■ Pursuant to Fed.R.Civ.P. 55(a), the court clerk is required to enter the Defendant's default when the fact of default is established by affidavit or otherwise. *See* Fed.R.Civ.P. 55(a). In the instant case, default was entered by the clerk of this court on September 9, 2004. Default judgment by the court is required when the claim is for an amount that is not certain or capable of being made certain or made certain by computation. The procedural requirements for grant of default judgment by the court is that the application be accompanied with a declaration in compliance with Fed.R.Civ.P. 55(b)(2).

A party requesting default judgment must also make a showing as to the following:

(1) when and against what party the default was entered; (2) identification of the pleading to which default was entered; (3) whether the defaulting party is an infant or incompetent person; (4) that the defendant is not in military services such that the Soldiers' and Sailors' Civil Relief Act of 1940 does not apply; and (5) that notice has been served on the defaulting party, if required by Fed.R.Civ.P. 55(b)(2).

Fed.R.Civ.P. 55(b)(2), Local Rule 55–1. Plaintiffs have satisfied these procedural requirements as to the Defendant, Joel A. Crawford, by providing proof in the Application for Default Judgment stating: (1) the date on which the Defendant was served with a Summons and Complaint (Appl. Default J. at 3); (2) the date on which default was entered for failure to timely respond to the Complaint (Appl. Default J. at 3); (3) that the Defendant is not an infant or incompetent person (Pagnanelli Decl. Oct. 1, 2004); (4) that Defendant is not currently active in the military service (Pagnanelli Decl. Oct. 1, 2004); and (5) that Plaintiffs notified Defendant of the Motion for Default Judgment pursuant to Local Rule 55–2 (Appl. Default J. at 3, n. 1).

### B. *Eitel Factors for Default Judgment Against Defendant*

■ The district court's decision whether to grant or deny a default judgment is discretionary in nature. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980). The court may consider a variety of factors in the exercise of such discretion, including:

(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

*Eitel, supra,* 782 F.2d at 1471–72. "In applying this discretionary standard, default judgments are more often granted than denied."

*PepsiCo v. Triunfo–Mex, Inc.,* 189 F.R.D. 431, 432 (C.D.Cal.1999).

### 1. *Possibility of Prejudice*

■ As to the first factor, Plaintiffs would suffer prejudice if the default judgment is not entered because Plaintiffs would be denied the right to judicial resolution of the claims presented, and would be without other recourse for recovery. *See Eitel, supra,* 782 F.2d at 1471–72. Accordingly, the first factor favors entry of default judgment.

### 2. *Merits of Claim and Sufficiency of Complaint*

■ With regard to the second and third factors, the plaintiff is required to "state a claim on which the [plaintiff] may recover." *PepsiCo, Inc. v. Cal. Sec. Cans,* 238 F.Supp.2d 1172, 1175 (C.D.Cal.2002) (citations and quotations omitted). After a default has been entered by the court clerk, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *See TeleVideo Sys., Inc. v. Heidenthal,* 826 F.2d 915, 917–18 (9th Cir.1987); *Discovery Communications, Inc. v. Animal Planet, Inc.,* 172 F.Supp.2d 1282, 1288 (C.D.Cal.2001).

■ To prevail on its claim for infringement of copyrights, under 17 U.S.C. § 501, Plaintiffs must establish that the Defendant violated an exclusive right of the copyright owner as provided by 17 U.S.C. § 106. *See* 17 U.S.C. § 501(a). Plaintiffs assert their exclusive right of reproduction and distribution of the Copyrighted Recordings was violated by the Defendant pursuant to 17 U.S.C. § 501(a). *See* 17 U.S.C. §§ 501(1) & 501(3).

Plaintiffs allege that: (1) Plaintiffs are the copyright owners or licensees of exclusive rights under copyright law of certain copyrighted sound recordings (Compl. ¶ 10); (2) Defendant without the permission or consent of Plaintiffs, has used, and continues to use, an online media distribution system to download the Copyrighted Recordings, to distribute the Copyrighted Recordings to the public, and/or to make the Copyrighted Recordings available for distribution to others (Compl. ¶ 12); and (3) the acts of infringement have been willful and intentional,

in disregard of and indifference to the rights of Plaintiffs. Such allegations set forth the elements necessary to satisfy the Plaintiffs' copyright infringement cause of action. Accordingly, the second and third factors favor entry of default judgment against Defendant. *See TeleVideo, supra,* 826 F.2d at 917–18.

### 3. *Amount of Damages*

■ Pursuant to the fourth factor, the court must consider the amount Plaintiffs request in monetary damages. *See Eitel, supra,* 782 F.2d at 1471–72. Although Plaintiffs request more than a mere injunction, the amount of statutory damages and costs requested consists of discretionary awards and statutory minimums. *See* 17 U.S.C. §§ 504 & 505. Thus, this factor favors granting default judgment as well.

### 4. *Dispute Concerning Material Facts*

■ In the instant case, Plaintiffs filed a well-pleaded Complaint alleging the elements necessary to prevail on Plaintiffs' cause of action. Subsequently, the court clerk entered default judgment against the Defendant. Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists. This factor therefore indicates the propriety of entry of default judgment.

### 5. *Excusable Neglect*

■ In the instant case, Defendant received notice of both the Complaint and the Motion for Default Judgment. Not only has the Defendant failed to answer the Complaint, he has not opposed this Motion. In addition, six months have elapsed since the Complaint was served on the Defendant, and four months have elapsed since entry of default judgment by the clerk as to the Defendant. Due to the dual instances of notice to the Defendant, as well as the extended period of time that has passed since entry of default by the clerk, the possibility of excusable neglect is remote. Accordingly, this factor warrants granting a default judgment.

### 6. *Policy Favoring Decision on the Merits*

■ "Cases should be decided upon their merits whenever reasonably possible." *Eitel, supra,* 782 F.2d at 1472. However, "defendant[']s failure to answer plaintiff[s'] complaint makes a decision on the merits impractical if not impossible. Under Fed. R.Civ.P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *Cal. Sec. Cans, supra,* 238 F.Supp.2d at 1177. Because the Defendant failed to respond to or defend this action in any way, this factor does not preclude the court from entering default judgment against the Defendant.

### C. *Remedies*

Under Fed.R.Civ.P. 54(c), only the amount prayed for in the complaint may be awarded to the plaintiff in a default. Federal Rule of Civil Procedure 8(a)(3) requires that such a demand for relief be specific.

### 1. *Injunctive Relief Is Appropriate*

■ The copyright laws of the United States vest the court with the power to grant injunctive relief. 17 U.S.C. § 502. For violations of 17 U.S.C. § 501, "any court having jurisdiction of a civil action under this title may ... grant temporary and final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." *See* 17 U.S.C. 502(a). Plaintiffs request an injunctive order, that the Defendant be enjoined from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and in any other sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs), including without limitation by using the internet or any online media distribution system to reproduce (*i.e.,* download) any of Plaintiffs' Recordings, to distribute (*i.e.,* upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs. Plaintiffs also request the court order the Defendant to destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard

drive or server without Plaintiffs' authorization and destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control. (Compl. at 3–4).

The terms of the injunction requested in the Application for Default Judgment were the same as those prayed for in the Complaint. The court finds the proposed injunctive relief sought in the instant Motion is appropriate. The Defendant has failed to respond to serious claims brought against them despite receiving adequate notice. Furthermore, before Plaintiffs sought entry of default, Plaintiffs sent two letters to Defendant warning that Plaintiffs would seek a default judgment if Defendant did not respond to the Complaint; Defendant did not respond. (Pagnanelli Decl. Oct. 1, 2004). Failure to grant the injunction would result in Plaintiffs' continued exposure to harm with no method of recourse. Accordingly, it is appropriate for the court to GRANT the proposed injunction.

### 2. *Statutory Damages Are Appropriate*

Under the copyright laws of the United States, an "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a). For statutory damages, "the copyright owner may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work, for which any one infringer is liable individually, or for which any two or more infringers are liable jointly and severally, in a sum of not less than $750 or more than $ 30,000 as the court considers just." 17 U.S.C. § 504(c)(1). The minimum of $750 per work infringement may be decreased by the court's discretion if it finds the infringer was unaware and had no reason to believe that "his or her act constituted an infringement of copyright." *See* 17 U.S.C. § 504(c)(2). However, there is a presumption that infringements are committed willfully when determining relief for a violation. *See* 17 U.S.C. § 504(c)(3)(A).

In this case, the Plaintiffs elected to seek statutory damages instead of actual damages. (Compl. at 4). In the Complaint, the Plaintiffs request the court to order "[f]or statutory damages for each infringement of each Copyrighted Recording pursuant to 17 U.S.C. Section 504." *Id.* In the Complaint, the Plaintiffs did not mention the actual number of infringement works for which they are seeking statutory damages. Instead, the Complaint refers to an attachment that lists eight Copyright Recordings for which the Plaintiffs are copyright owners or licensees of exclusive rights under copyright laws. (Compl. ¶¶ 10, 2). The Complaint also refers to another large list of sound recordings for which "certain of" are copyright licensed or owned by the Plaintiffs. *Id.*

However, the Complaint does request damages "for each infringement," which put the Defendant on notice that there are numerous works for which the Plaintiffs were seeking damages. Also, the exhibit list of eight Copyrighted Recordings and exhibit list of other sound recordings were attached to the Complaint which was served on the Defendant. In addition, the Plaintiffs gave proper notice to the Defendant on October 1, 2004, through their Notice of Application and Application for Entry of Default Judgment, that they would be seeking damages for eight infringements alleged in the Complaint. (Appl. Default J. at 5). The Application for Default Judgment specifically states that "[t]he judgment sought is: (1) minimum statutory damages provided by Section 504 of the Copyright Act ($750) for each of the eight (8) infringements alleged in the Complaint, for a total of $6,000.0[0]." *Id.* Again, the Defendant did not appear or respond to the notice. Therefore, ordering damages in the amount of $6,000.00 for copyright infringement violations is appropriate and is GRANTED. For default judgment under Federal Rule of Civil Procedure 55, granting damages is within "wide latitude" of the district court's discretion. *James v. Frame (In re Frame)*, 6 F.3d 307, 310 (9th Cir.1993).

### 3. *Costs of Suit Are Appropriate*

Under 17 U.S.C. § 505, courts have the discretion to award "the recovery of full

costs" and reasonable attorney fees. *See* 17 U.S.C. § 505. In this case, the Complaint prayer included costs of suit and reasonable attorney fees. (Compl. at 4). However, in the Application for Default Judgment, Plaintiffs only sought to recover costs of suit of $200.00. (Appl. Default J. at 14–15). Since the Plaintiffs' costs of suit were originally requested in the Complaint and the Defendant had notice of the prayer, the costs of suit are therefore GRANTED.

### III. *RULING*

For the foregoing reasons, Plaintiffs' Motion for Default Judgment is GRANTED, and Plaintiffs' requests for injunctive relief, statutory damages, and costs of suit are GRANTED.

IT IS HEREBY ORDERED that Defendant refrain from directly or indirectly infringing Plaintiffs' rights under federal or state law in the Copyrighted Recordings and in any other sound recording, whether now in existence or later created, that is owned or controlled by Plaintiffs (or any parent, subsidiary, or affiliate record label of Plaintiffs), including without limitation by using the internet or any online media distribution system to reproduce (*i.e.,* download) any of Plaintiffs' Recordings, to distribute (*i.e.,* upload) any of Plaintiffs' Recordings, or to make any of Plaintiffs' Recordings available for distribution to the public, except pursuant to a lawful license or with the express authority of Plaintiffs.

IT IS FURTHER ORDERED that Defendant destroy all copies of Plaintiffs' Recordings that Defendant has downloaded onto any computer hard drive or server without Plaintiffs' authorization and destroy all copies of those downloaded recordings transferred onto any physical medium or device in Defendant's possession, custody, or control.

Defendant is FURTHER ORDERED to pay $6,200.00 in damages and costs of suit.