**In re Terri J. GOODFELLOW, Debtors.**

No. 03–04467.

United States Bankruptcy Court,
N.D. Iowa.

Sept. 3, 2003.

Steven G. Klesner, Iowa City, IA, for Debtor.

## ORDER RE MOTION FOR SANCTIONS

PAUL J. KILBURG, Chief Judge.

On July 29, 2003, the above-captioned matter came on for hearing pursuant to

assignment. Debtor Terri J. Goodfellow appeared with Attorney Steven Klesner. The matter before the Court is Debtor's Motion for Sanctions against Creditor Discover Financial Services, Inc. of Salt Lake City, Utah for alleged violations of the automatic stay pursuant to 11 U.S.C. § 362(a)(6) and § 362(h). Debtor alleges that the conduct in question continued post-discharge and, therefore, alleges a violation of the discharge injunction pursuant to 11 U.S.C. § 524(a)(2). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(O).

## FINDINGS OF FACT

Debtor filed a voluntary Chapter 7 petition on December 18, 2002. Discover Financial Services, Inc. is a creditor holding an unsecured non-priority claim. Debtor's Schedule F listed Discover Financial Services, Inc. Financial Services, Inc. as a creditor and notices to creditors were served by the Clerk of the United States Bankruptcy Court on this creditor at P.O. Box 30395, Salt Lake City, Utah, 84130–0395. Discharge in this case was entered on March 26, 2003 without Debtor reaffirming her debt to Discover Financial Services, Inc.

The evidence establishes that Discover Financial Services, Inc. continued to send invoices and other types of collection letters after the filing of the petition on December 18, 2002. This continuing flow of correspondence lasted through the administration of the bankruptcy estate and continued until May of 2003, well after the entry of the discharge in March.

In addition, Debtor began to receive telephone calls from representatives of Discover Financial Services, Inc. This started on Christmas Eve afternoon of 2002 and continued throughout March of 2003. Debtor testified that she continued to inform Discover representatives of the pendency of her bankruptcy case and even provided them with her attorney's name. She testified that she tried to inform them of her attorney's name at least five or six times. However, they would not acknowledge this and attempted to talk over her when she encouraged them to contact her attorney. The nature of the telephone calls was such that Discover's representatives wanted her to work out a payment plan to pay off her debt to Discover Financial Services, Inc. Debtor testified that, based upon the nature of the telephone calls, there was no doubt that Discover Financial Services, Inc. was aware that she had filed a bankruptcy petition.

Debtor testified that her last written contact from Discover was probably April 17, 2003. She testified that her last telephone contact was probably in March of 2003.

In addition to contacting Debtor, Discover Financial Services, Inc. apparently placed information concerning Debtor in various credit report agency files. Experian and TransUnion report that Debtor's account was in excess of 90 days past due as of March 2003.

The evidence establishes that Debtor was an enlisted person involved in the intelligence section of the United States Air Force from 1983 through 1996. When she completed her service, she was a staff sergeant. She served in the first Gulf War and was given a 100% disability rating by the Department of Veteran's Affairs as a result of her military experience. Debtor testified that the initial contacts by Discover were not particularly stressful to her as she assumed that these were accidental. However, as the written contacts continued and the telephone contacts began, she began to experience stress. She has colitis which is aggravated by stress and which became worse during this course of contact. Debtor became angry

and agitated because of the incessant telephone calls from Discover Financial Services, Inc. Because of this, she sought treatment at the Iowa City Veteran's Administration Hospital. These visits occurred mostly in January and February of 2003. She was diagnosed as having post-traumatic stress syndrome which was triggered by "harassment by creditors". After treatment and by the time of hearing, Debtor appears to be again coping well.

The Court finds that Discover Financial Services, Inc. was properly served with notice of this hearing but has failed to file any type of appearance in these proceedings. The Court further finds that, because of the conduct of Discover Financial Services, Inc., Debtor was required to incur attorney's fees in the amount of $1,200.

### 11 U.S.C. § 362(a)(6) and § 362(h)

██ A bankruptcy petition filed under § 301 of the Code imposes the automatic stay pursuant to § 362. All voluntary cases are included in § 301. The automatic stay under § 362 prohibits any entity from taking action "to collect, assess, or recover a claim against the debtor that arose before the commencement of a case." 11 U.S.C. § 362(a)(6). The scope of the automatic stay is extremely broad. *In re Knaus*, 889 F.2d 773, 774 (8th Cir.1989). By the passage of § 362, Congress intended the automatic stay to stop "all collection efforts, all harassment, and all foreclosure actions" and "prevent creditors from attempting in any way to collect a prepetition debt." H.R. 595, 95th Cong., 1st Sess. pp. 340–42 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6296–6299; *In re Grau*, 172 B.R. 686, 690 (Bankr.S.D.Fla. 1994).

██ Section 362(h) addresses sanctions for the violation of the automatic stay. It provides that:

An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

11 U.S.C. § 362(h). A violation of the stay is "willful" where the violator's conduct is deliberate and with knowledge of the bankruptcy filing. *In re Dencklau*, 158 B.R. 796, 800 (Bankr.N.D.Iowa 1993). In imposing actual damages, the trial court has discretion to fashion the punishment to fit the circumstances. *Hubbard v. Fleet Mortg. Co.*, 810 F.2d 778, 782 (8th Cir. 1987) (citing *United States v. United Mine Workers*, 330 U.S. 258, 303, 67 S.Ct. 677, 91 L.Ed. 884 (1947)).

### 11 U.S.C. § 524(a)

Section 524(a) states, in pertinent part:

(a) A discharge in a case under this title—

. . .

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

11 U.S.C. § 524(a).

██ Section 524(a)(2) replaces the automatic stay of § 362 with a permanent injunction against enforcement of all discharged debts after entry of the discharge. *In re Waswick*, 212 B.R. 350, 352 (Bankr. D.N.D.1997). Unlike § 362(h), which authorizes an individual injured by a willful violation of the automatic stay to recover actual damages, attorney fees, and where appropriate, punitive damages, § 524(a) does not expressly mention such awards. *In re Walker*, 180 B.R. 834, 847 (Bankr. W.D.La.1995). Willful violation of the § 524(a)(2) injunction, however, will warrant a finding of civil contempt. *Id.; Was-*

*wick,* 212 B.R. at 352. The burden rests with the movant to show by clear and convincing evidence that the offending creditor had knowledge of the discharge and willfully violated it by pursuing collection activities. *Waswick,* 212 B.R. at 352.

### ANALYSIS

 Discover Financial Services, Inc. has been properly served with Debtor's Motion for Sanctions. It has not filed an appearance or made contact with Debtor's counsel concerning this action. There have been numerous contacts made between Discover Financial Services, Inc. and Debtor by letters and telephone calls. While the letters have been standard correspondence, the telephone contacts took on a threatening tone and were unreasonable both in their approach as well as their timing. All contacts have been numerous and have sought payment of Debtor's debt in violation of the automatic stay as well as the post-discharge injunction.

Discover Financial Services, Inc. was properly served with notice of the pendency of the bankruptcy case. It was likewise properly served with the Motion for Sanctions sought under § 362 and § 524. The Court determines that there have been a substantial number of contacts by Discover Financial Services, Inc. with Debtor through telephone calls and mailings. The Court finds that Debtor has been damaged in several respects. Because of the nature of the telephone contacts, she was required to undergo medical treatment at the Veteran's Hospital in Iowa City, Iowa. In addition, she suffered damages because of the placement of her account in a reporting agency after Debtor took bankruptcy and after the entry of discharge. Because of these violations, Debtor was required to incur attorney's fees and appear in court to defend her rights. As such, the Court finds that

Debtor is entitled to actual damages, punitive damages, attorney's fees and costs.

**WHEREFORE,** Debtor's Motion for Sanctions against Discover Financial Services, Inc. is GRANTED.

**FURTHER,** the Court finds that Debtor has established, by clear and convincing evidence, that Discover Financial Services, Inc. willfully violated the automatic stay, § 362(a)(6), and is therefore subject to sanctions pursuant to § 362(h).

**FURTHER,** the Court finds that Debtor has established, by clear and convincing evidence, that Discover Financial Services, Inc. willfully violated the post-discharge injunction pursuant to § 524(a).

**FURTHER,** the Court finds that Debtor has sustained actual damages in the amount of $5,000.

**FURTHER,** the Court finds that Debtor should be awarded punitive damages in the amount of $5,000.

**FURTHER,** Debtor should be awarded attorney's fees in the amount of $1,200.

**FURTHER,** judgment is entered in favor of Debtor Terry J. Goodfellow and against Discover Financial Services, Inc., P.O. Box 7086, Dover, Delaware, in the total amount of $11,200.

**FURTHER,** said judgment shall collect interest at the rate of 10% per annum from the date of entry of this judgment.

**FURTHER,** any Court costs associated with Debtor's pursuit of these sanctions are assessed against Discover Financial Services, Inc.