**In re Dale/Brenda IRBY, Debtors.**

**Dale/Brenda Irby, Plaintiffs,**

**v.**

**Fashion Bug, et al., Defendants.**

**No. 04–3430.**

United States Bankruptcy Court,
N.D. Ohio.

Sept. 29, 2005.

**294**

Brenda Irby, Sandusky, OH, pro se.

Dale M. Irby, Sandusky, OH, pro se.

### *DECISION AND ORDER*

RICHARD L. SPEER, Bankruptcy Judge.

This cause is before the Court after a Hearing on the Plaintiffs' Motion for Default Judgment. At the conclusion of the Hearing, the Court took the matter under advisement, affording the Plaintiffs time to file a memorandum supporting their position. Nothing, however, within the time frame allowed was filed with the Court. And for the reasons now explained, the Court hereby declines to grant to the Plaintiffs judgment by default.

### DISCUSSION

The Plaintiffs in this matter have applied to this Court for a default judgment against both Defendants, Fashion Bug and SOANB. Although the procedural mechanism of the default judgment is employed in other contexts, such as a tool to sanction a noncompliant party, its underlying function is to allow a party requesting affirmative relief to obtain judgment when the party, against whom the relief is sought, fails to defend. Once shown that a party has failed to defend, Rule 55 of the Federal Rules of Civil Procedure, made applicable in this matter by Bankruptcy Rule 7055, then provides that a judgment by default may be entered in one of two ways: (1) by the clerk, "[w]hen the plaintiff's claim against a defendant is for a sum certain . . ."; or (2) by the court "[i]n all other cases . . . ."

■ But regardless of whether application is made to the "clerk" or the "court," a party is not automatically entitled to the entry of a default judgment. *PepsiCo v. Triunfo–Mex, Inc.,* 189 F.R.D. 431, 432 (C.D.Cal.1999). Instead, the entry of a default judgment is at all times left within the sound discretion of the court. *Id.* And as now explained, this discretionary authority requires that this Court refrain from entering judgment by default in this matter.

■ It is fundamental that not all injuries are legally compensable; a tenet which may not be bypassed simply because a party fails to respond to a complaint. *Accord Gallagher v. Cleveland Browns Football Co. Inc.,* 93 Ohio App.3d 449, 463, 638 N.E.2d 1082, 1091 (1994). Thus, among the considerations a court is to employ when determining the propriety of entering a judgment by default is whether there exists a sufficient basis in the pleading for the judgment's entry; or similarly, whether a viable cause of action is alleged. *Quirindongo Pacheco v. Rolon Morales,* 953 F.2d 15, 16 (1st Cir.1992) (a court may examine a plaintiff's complaint to determine whether it alleges a cause of action); *GMAC Commercial Mortgage Corp. v. Maitland Hotel Assocs.,* 218 F.Supp.2d 1355, 1359 (M.D.Fla.2002) (a default judgment cannot stand on a complaint that fails to state a claim). It is with reference to these considerations by which the Plaintiffs' pleadings must be viewed as deficient.

■ In their pleadings before the Court, the Plaintiffs allege, as their cause of action, a violation of Bankruptcy Code §§ 524 and 727, citing as their sole basis: "Defendants have continued to report that there is a balance owed on the debt that was discharged by this Court on July 25, 2005." (Doc. No. 1). From this, the Plaintiffs then allege the following injury:

On or about May 20, 2004, Plaintiffs attempted to purchase a home and applied for mortgage financing. Plaintiffs

were informed that they were ineligible for lower rates due to the balance still owing to Defendants and, unless and until Defendants were paid in full and reported the same, Plaintiffs would be unable to receive a preferred rate. *Id.* No other actions on the part of the Defendants to collect on their debt(s) were alleged. But for redress, the Plaintiffs ask for "injunctive relief by ordering the Defendants to cease their collection efforts and to properly report that the debt in question was discharged in bankruptcy and that the current balance owed is $0." Additionally, the Plaintiffs ask for damages including, punitive damages and legal fees. *Id.*

■ From these components of the Plaintiffs' pleading, it is evident that the Plaintiffs' have based the success of their cause of action on a common misconception of bankruptcy law: that the bankruptcy discharge eliminates the very existence of a debt. But this is not the case. Nowhere in the Bankruptcy Code does it provide that a debt is extinguished. Instead, § 524, entitled "Effect of Discharge," limits its breadth to "operat[ing] as an injunction against the commencement or continuation of an action" to collect or recover a debt. The statute then goes on to limit the applicability of this "injunction" with this important proviso: "as a personal liability of the debtor[.]"[1] In this way, upon discharge, it is only a debtor's personal obligation to pay the debt that is effectively extinguished; the debt itself remains. *Johnson v. Home State Bank*, 501 U.S. 78, 83, 111 S.Ct. 2150, 2153, 115 L.Ed.2d 66 (1991).

In many instances, of course, such a distinction is purely academic. The effect of a creditor being legally enjoined from pursuing recourse against a debtor will, in large percentage of instances, forever bar the creditor from seeing payment on their debt; thus, such creditor will be provided scant comfort in the knowledge that, from a legal standpoint, their debt remains technically in existence. But this will not always be the case.

For example, with the discharge injunction limited to solely a debtor's personal liability, a creditor's *in rem* interests in a debtor's property will pass through bankruptcy as a legally enforceable interest, notwithstanding that the exercise of that interest will operate to deprive the debtor of their interest in the property; and also notwithstanding that the *in rem* interest was incidental to the debt giving rise to the debtor's personal liability. *Id., see also* 11 U.S.C. § 524(a)(1) (a judgment is only avoided to the extent that such a judgment is a determination of a debtor's personal liability). Similarly, claims by a creditor against a debtor's co-obligors, guarantors and sureties remain enforceable against such third-parties in their personal capacity. 11 U.S.C. § 524(e); *Keene Corp. v. Acstar Insurance Co.*, 162 B.R. 935, 947 (Bankr.S.D.N.Y.1994).

Taking this then to its logical conclusion, it is difficult to discern how—and therefore, the Court cannot concluded that—the sole act of reporting a debt, whose existence was never extinguished by the bankruptcy discharge, violates the discharge injunction. All that is being reported is the truth.[2] This was the holding in *Vogt v.*

---

1. In full, this section provides:

   (a) A discharge in a case under this title-
   (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]

2. Although in no way ruling on the matter, there also exists a First Amendment issue. *See Dun & Bradstreet, Inc. v. Greenmoss*

*Dynamic Recovery Services (In re Vogt),* wherein, in thoroughly addressing this issue, it was explained, in pertinent part:

It is apparent from the complaint in this case that the Plaintiffs believe that the effect of the order of discharge is to wipe away the debt. But that clearly is not the case.

. . . .

. . . the initial suggestion here is that the Defendant was somehow in error, or, perhaps, in violation of some provision of the Bankruptcy Code, when it continued to report that, in its records, the Dallas debt was still due and owing, notwithstanding the order of discharge in the Plaintiffs' bankruptcy case. But the Court cannot fault the Defendant for taking this position. At least, it cannot be said that the Defendant's position in this regard, standing alone, was in any way 'an act' to effect collection of the debt. Nor can the Defendant be faulted, under section 524, for refusing to correct this report. If there is a violation of section 524(a)(2), that violation must be found in the alleged position taken by the Defendant that the information would be corrected only if the Plaintiffs paid the debt.

. . . .

In the instant case it is the Debtors who approached the creditor. The creditor was under no obligation under the Bankruptcy Code to change the way it reported the status of the loan. False reporting, if not done to extract payment of the debt, is simply not an act proscribed by the Code. There is absolutely no showing in this case that the Defendant had manufactured a false report in order to extract payment. To the contrary, here, nearly five years had elapsed since the order of discharge had entered and the Defendant had apparently never made an effort to contact the Plaintiffs or to otherwise seek to collect the discharged debt. Under these circumstances, the Court does not consider the demand of the creditor for payment, as a condition to changing its credit report, as 'an act' to extract payment.

257 B.R. 65, 70–72 (Bankr.D.Colo.).

■ This does not mean that the reporting of a discharged debt is immune from the reach of the discharge injunction. Section § 524(a)(2) enjoins any "action" or "act" to recover a debt. Thus, for example, if the act of reporting a debt was undertaken for the specific purpose of coercing the debtor into paying the debt, a violation of the discharge injunction could be established. *See In re Borowski,* 216 B.R. 922, 925 (Bankr.E.D.Mich.1998); *Stoneking v. Histed (In re Stoneking),* 222 B.R. 650, 653 (Bankr.M.D.Fla.1998). But since the act, itself, does not violate the discharge injunction, the reporting of the debt will not likely run afoul with the discharge injunction unless it is also coupled with other actions undertaken by the creditor to collect or recover on the debt. Illustrative of this point is the case of *In re Goodfellow,* 298 B.R. 358, 362 (Bankr. N.D.Iowa 2003).

In *In re Goodfellow* the creditor placed the debtor's account with a credit reporting agency. For this action, the court recognized that the debtor "suffered damages because of the placement of her account in a reporting agency after Debtor took bankruptcy and after the entry of discharge." However, such damages were only awarded after the court also found that were "substantial contacts" by the creditor "through telephone calls and mailings." *Id.* Additionally, when compared to this case, another distinction is important

*Builders, Inc.,* 472 U.S. 749, 105 S.Ct. 2939, 86 L.Ed.2d 593 (1985).

to recognize as it mitigates against the existence of coercion: In *In re Goodfellow,* the creditor delayed in placing the debtor's account with a credit reporting agency until after the bankruptcy discharge had been entered. While in this matter, the Defendants reported the debt prior to the filing of the Debtors' bankruptcy petition. Thus, unlike *In re Goodfellow,* the Defendants are not being sued for their affirmative act of reporting, but rather because they have not taken the affirmative step of causing their debt to be removed from the Plaintiffs' credit report.

In conclusion, since nothing has been alleged, beyond the mere reporting of the obligation, that the Defendants undertook any "action" or "act" to collect on their claim, the Plaintiffs' pleadings do not present a viable cause of action against which a default judgment may be entered. While the Court can understand the Plaintiffs' desire to have this debt removed from their credit report, bankruptcy was never meant to come without a price. And one price that has always existed is that a debtor's ability to obtain credit may suffer. *See, e.g.,* 15 U.S.C. § 1681c(a) (allowing by credit reporting agencies the publication of a debtor's bankruptcy filing for up to ten years).

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the Plaintiffs, Dale and Brenda Irby, for Default Judgment, be, and is hereby, DENIED; and that this matter, be, and is hereby, DISMISSED.