**In re Robert/Monica REEVES, Debtors.**

**Monica Reeves, Plaintiffs,**

v.

**Gateway Credit Card Plan, Defendants.**

**No. 06–3542.**

United States Bankruptcy Court, N.D. Ohio.

March 19, 2007.

Donald R. Harris, Sandusky, OH, for Plaintiff.

Theodore A. Konstantinopoulos, Javitch, Block & Rathbone, Cleveland, OH, for Defendant.

### *DECISION AND ORDER*

RICHARD L. SPEER, United States Bankruptcy Judge.

This cause is before the Court on the Summary Judgment Motion of the Defendant, Gateway Credit Card Plan, and its Memorandum in Support. No response to the Defendant's motion was filed by the Plaintiff within the time period prescribed by the Rules of Bankruptcy Procedure. FED.R.BANKR.P. 7056(c); LBR 9013–1.

Under Rule 56 of the Federal Rules of Civil Procedure, made applicable to this proceeding by Bankruptcy Rule 7056, it is provided that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Where, as here, the movant is defending the claim at issue, this standard is satisfied by the movant establishing that the claimant lacks adequate proof of an essential element of the claim.

In this matter, the Plaintiff's Complaint is one for "Injunctive Relief and Monetary Damages and Punitive Damages." (Doc. No. 1). As the basis for her cause of action, the Plaintiff alleges:

Defendant has continued to report to credit reporting agencies or has failed to update its listing with the credit reporting agencies for Plaintiff's past due payments not withstanding an order of discharge being granted by the United States Bankruptcy Court on April 7, 2005. Defendant was properly notified of the discharge. This action or failure to act was willful and malicious and continues to the present time.

(Doc. No. at pg. 2). No other acts on the part of the Defendant were alleged in support of her Complaint against the Defendant.

In its Motion for Summary Judgment, the Defendant denied that it has continued to report the Plaintiff's debt as due and owing, filing an affidavit in support. But previously, in *Irby v. Fashion Bug (In re Irby)*, 337 B.R. 293, Case No. 04–3430 (2005) and *Irby v. Preferred Credit (In re Irby)*, 359 B.R. 859, Case No. 06–3536 (2007), this Court rejected the contention that the mere act of continuing to report a debt as due and owing in a credit report constituted a compensable violation of bankruptcy law. Therefore, regardless of the veracity of the Plaintiff's allegations, as well as the Defendant's denials thereto, the Plaintiff has failed to state a claim upon which relief can be granted. As such, the Defendant is entitled to judgment in its favor.

Accordingly, it is

**ORDERED** that, pursuant FED.R.CIV.P. 56 and FED.R.BANKR.P. 7056, the Defendant's Motion for Summary Judgment, be, and is hereby, GRANTED.

*IT IS FURTHER ORDERED* that this adversary proceeding is hereby DISMISSED.