**In re Robert Dale GORMAN, Clara Marie Gorman, Debtors.**

No. 10–16622.

United States Bankruptcy Court,
E.D. Tennessee,
Southern Division.

May 23, 2013.

Richard L. Banks, Richard Banks & Associates, P.C., Cleveland, TN, for the Debtors.

### *MEMORANDUM*

SHELLEY D. RUCKER, Bankruptcy Judge.

The Debtors objected to the claim filed by Resurgent Capital Services as servicing agent for LVNV Funding, LLC ("Claimant"), its successors and assigns, as assignee of Capital One. Their objection requires this court to determine whether a claim for recovery of a consumer credit card debt

should be disallowed under 11 U.S.C. § 502(b)(1) because the proof of claim, as filed, fails to prove how the Claimant came to be the holder of the debt. As part of that determination, the court must consider whether the Debtors have raised a valid objection or have requested disallowance merely for failure to comply with Bankruptcy Rule 3001(b) and (c)(1). That distinction impacts whether the court should exercise its discretion under Fed. R. Bankr.P. 7055 and grant a default judgment for the relief requested. For the reasons discussed below, the court concludes that it is not appropriate to exercise its discretion. However, the court will allow the Debtors to amend their objection to renew withdrawn grounds or to add other bases or to provide an affidavit which raises a factual dispute with the facts stated in the proof of claim.

In support of its ruling, the court makes the following findings of fact and conclusions of law based on Fed. R. Bankr.P. 7052 made applicable to contested matters by Fed. R. Bankr.P. 9014. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and § 157(b)(2)(B).

## I. Facts

Claimant, through a servicer, filed proof of claim no. 11 for $365.06 on February 23, 2011. The proof of claim reflects that the basis for the debt was a MasterCard with an account number ending in 6639. It reflects that Resurgent Capital Services, LLC is the servicer for LVNV Funding, LLC and that Claimant LVNV Funding, LLC is the assignee of "Capital One." The Claimant attached a one page statement that provides an account number, the amount of the debt, and the date the debt was charged off by the "original creditor." That charge off date is January 5, 1999. There is a place on the statement for the last transaction date but it is left blank.

The statement has no separate signature which would indicate who is representing these facts. The statement does have a legend at the bottom that states with respect to the amount of the claim,

[i]nformation on this account was obtained from the data files received from the assignor and other information such as Bankruptcy Court records.

The assignor has verified that the balance recorded above is the balance of the account as of the filing date of the bankruptcy and does not include post petition interest, late fees, return check fees, charges representing credit protection plan fees or insurance fees or other charges.

Proof of Claim No. 11. The term *assignor* is not defined. The original creditor is not identified. The statement identifies the "Current Creditor" as "LVNV Funding, LLC as assignee of Capital One," and the "Creditor from whom the debt was purchased" as "Capital One." As for proof of the assignment, the Claimant attached no copy of an assignment from Capital One to LVNV Funding, LLC. There is a bill of sale attached which references a Purchase and Sale Agreement for Accounts between Capital One Bank, as "Seller," and Resurgent Acquisition II, LLC, as "Buyer" of the accounts listed on the "Schedule attached." Claimant has not attached a schedule of accounts showing that the Debtors' account was one of the ones assigned.

The Debtors objected to the claim on December 19, 2012. The objection alleges three bases for the disallowance of the claim. First, the Debtors allege that the claim is barred by the statute of limitations. Second, the Debtors object that "[t]he documentation as to ownership of this claim by LVNV Funding LLC is not attached to the claim." Third, the Debtors allege that "[a] power of attorney is not

attached to the claim establishing the appropriate agency relationship for Resurgent Capital Services authority to file this claim." [Doc. No. 43, Objection to Claim 11 at 2]. The Debtors did not list Capital One, Capital One Bank, MasterCard, Resurgent Acquisition II, LLC or LVNV Funding, LLC as a creditor on their initial Schedules. [Doc. No. 1, Schedule F]. On December 6, 2012, the Debtors amended Schedule F and added LVNV Funding, LLC as a creditor and stated $365.06 was the amount of the claim. They also listed the claim as disputed. [Doc. No. 41, Amended Schedule F].

The trustee has paid $52.16 on the unsecured claim pursuant to a modified plan confirmed on June 17, 2011, but he has made no payments to Claimant while the objection has been pending.

The Debtors served the Claimant with the objection and provided 30 days' notice of the hearing. The hearing was set originally for January 31, 2013 but was continued to March 14, 2013. On February 7, 2013, the court requested briefs in support of the Debtors' objection. In their brief the Debtors argue that the failure to provide supporting documentation raises a legal argument as to "standing/real party in interest." [Doc. No. 50, Brief in Support of Objection to Claim No. 11, at 3 ("Brief")]. They also argue that the failure to attach a power of attorney raises legal issues of standing, real party in interest and the validity of the agency relationship. No response has been filed, and no one appeared on the Claimant's behalf at the hearing held on March 14, 2013. At the hearing on March 14, 2013 the Debtors' attorney announced the withdrawal of all objections except lack of documentation for the assignment.

The Debtors filed a Supplemental Brief on April 5, 2013. It included a spreadsheet referencing over 200 proofs of claim which had been disallowed or were under consideration in three divisions of the United States Bankruptcy Court for the Eastern District of Tennessee. Of these, 39 had been filed by Resurgent Capital Services. The spreadsheet was filed in support of the Debtors' contention that all of these claims were filed without the documentation required by Bankruptcy Rule 3001(c) and are detrimental to the administration of Chapter 13 plans in the system.

## II. Debtors' Argument for Disallowance

The Debtors argue that the failure of the Claimant to attach supporting documents which reflect its ownership of the claim or the executing party's standing to sign the proof of claim are violations of Fed. R. Bank. P. 3001(b) and (c)(1). Since that rule requires the attachment of supporting documents, they argue that the failure to attach any written documents supporting the Claimant's standing as owner of the claim or evidencing the filer's representative authority to execute the proof of claim deprives the proof of claim of the evidentiary presumption that the claim is valid and is owed in the amount stated in the proof of claim. Fed. R. Bankr.P. 3001(e). Without that presumption, the Debtors urge the court to look directly to state law to determine whether the Claimant has the burden of proof to "show an unbroken chain of assignment." Brief at 6. If the Claimant has that burden, then the proof of claim should be disallowed as "insufficient on its face." To require more from the Debtors inappropriately shifts the burden of proof to them and lowers the burden for the Claimant to a level below what state law imposes. Here, the Debtors have listed the debt as disputed and are not estopped from challenging the claim. Finally, the Debtors urge the court to adopt a rule requiring

appropriate documentation in order to impose a burden on the creditors to discourage the filing of large numbers of claims which the creditors do not defend and which are ultimately disallowed. The Debtors note that 98% of the claims on the spreadsheet were disallowed.

The court finds there is support for most of the Debtors' argument, but it is the minority view. *In re Richter*, 478 B.R. 30 (Bankr.D.Colo.2012). Because the Sixth Circuit has signaled its approval of the majority view, the court must reject the Debtors' argument. *B–Line, LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931, 941 (6th Cir.2010). An allegation of lack of documentation is not a valid objection even if the Debtors re-characterize it as an objection to standing. A valid objection to standing must raise a factual dispute about who is the holder of the claim. The Debtors must allege that, to the best of their knowledge, information, and belief, either (a) they owe someone else or (b) they do not owe the obligation at all. In addition the court does not find support for holding otherwise based on the Debtor's desire to impose a heavier burden on creditors in order to lighten the Debtors' burden to review the proofs of claims which have been filed, especially when the burden is imposed by the Bankruptcy Code and Rules.

### III. Default Judgment—Fed. R. Civ. P. 55 and Fed. R. Bankr.P. 7055

In this case, the Debtors set their objection to the proof of claim for hearing.[1]

There is no affidavit attached to the objection. The Debtors rely on their contentions in the objection, the statement in Amended Schedule F that the debt, listed for the exact amount claimed, is disputed, and their arguments in their Brief. The Claimant has not responded in writing to the objection nor did it appear at the hearing. The court, therefore, has before it a contested matter to which no answer has been filed. Fed. R. Bankr.P. 9014(c) authorizes the court to apply Fed. R. Bankr.P. 7055 to this contested matter. Rule 7055 incorporates Fed.R.Civ.P. 55.

Under Fed.R.Civ.P. 55, the court may grant a judgment provided that the claimant has been served and notice of the hearing in which the relief will be granted has been provided more than 30 days prior to the hearing date. Fed. R. Bankr.P. 3007(a); E.D.Tenn. LBR 9013–1(f)(2)(ii)(A). The Debtors have provided that notice. In this case there is no evidence that the additional procedural concerns regarding the disability or military service status of the Claimant are at issue. *See HICA Education Loan Corp. v. Klugewicz*, No. 1:11–cv–287, 2012 WL 6799752, at *3–4 (E.D.Tenn. Apr. 17, 2012) (quoting *Broadcast Music v. Marler*, 2009 WL 3785878, at *4 (E.D.Tenn. Nov. 12, 2009)) (other citations omitted).[2]

The court's authority to proceed to a judgment where there is no answer is also addressed in the local rules. In cases where there is no response, the court may consider that there is no opposition to the

---

1. If the Debtors had used passive notice, the local rules require that the allegations be supported by an affidavit putting the facts into evidence unless the facts on which the Debtors rely are evident from the record. E.D.Tenn. LBR 3007–1(b).

2. The opinion notes a requirement that an affidavit be provided with the motion for a

default judgment that the defendant is not minor or incompetent. It also requires an affidavit in compliance with the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b)(1)(2008) for cases in which the default judgment is sought against an individual who has not appeared in the case. Neither of these requirements applies in this case.

requested relief. E.D.Tenn. LBR 9013–1(f)(4).

> Unless excused by the court, the movant and any objecting party are required to appear at all scheduled hearings. The failure of ... an objecting party to attend a duly noticed hearing will be deemed a withdrawal of ... the objection to the motion ... Similarly, the court will consider the failure of any other noticed party to attend the hearing as a lack of opposition to the granting of the relief requested in the motion.

*Id.* Motions are defined in the local rules to include objections to claims. E.D. Tenn. LBR 9013–1(a).

 Having found that the court may enter a default judgment, the court must consider whether it should exercise its discretion to do so. In determining whether the court should exercise its discretion, the court may review the merits of the claim. *See HICA Education Loan Corp. v. Klugewicz,* No. 1:11–cv–287, 2012 WL 6799752, at *1 (E.D.Tenn. Apr. 17, 2012); *Jahn v. Clayton (In re Clayton),* Adv. No. 11–1135, 2012 WL 112940, at *1 (Bankr.E.D.Tenn. Jan. 12, 2012).

> It is fundamental that not all injuries are legally compensable; a tenet which may not be bypassed simply because a party fails to respond to a complaint ... Thus, among the considerations a court is to employ when determining the propriety of entering a judgment by default is whether there exists a sufficient basis in the pleading for the judgment's entry; or similarly, whether a viable cause of action is alleged.

*Irby v. Fashion Bug (In re Irby),* 337 B.R. 293, 294 (Bankr.N.D.Ohio 2005) (citations omitted). In addressing the merits of the complaint, or in this case, the objection, the factual allegations are admitted.

Once the default is established, defendant has no further standing to contest the factual allegations of plaintiff's claim for relief. Even after default, however, it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law.

10A Wright, Miller & Kane, Federal Practice and Procedure § 2688, p. 63 (3d. 11998)(footnote omitted); *Bowers v. Banks (In re McKenzie),* No. 11–1169, 2013 WL 1091634, at *708 (Bankr.E.D.Tenn. Mar. 5, 2013). *See also In re Brunson,* 486 B.R. 759, 768 (Bankr.N.D.Tex.2013)("Under Bankruptcy Rule 7055, the entry of a default judgment is not automatic ... a default judgment is committed to the court's discretion.") (citations omitted); *In re Rehman,* 479 B.R. 238 (Bankr.D.Mass. 2012)(Court overruled objections to assigned credit card claims where creditors had not responded, but debtor had listed the original creditors).

The Debtors have alleged that "the documentation as to ownership of the claim is not attached to the claim." Objection at 2. While the court notes that there are gaps in the chain of title, there is a Bill of Sale attached to the proof of claim and the servicer has signed the proof of claim under oath. The Debtors equate the lack of documentation to lack of standing in their Brief. The court must determine whether that is enough for disallowance.

## IV. Analysis

### A. Claims Allowance

A proof of claim which is filed under 11 U.S.C. § 501 is deemed allowed unless a party in interest objects. 11 U.S.C. § 502(a). The Debtors have objected to Claimant's proof of claim; however, the court does not have before it an objection that alleges that the Debtors do not owe this debt to weigh against the Claimant's

sworn statement that they do. The Debtors scheduled the underlying debt in Amended Schedule F as disputed, but their objection states that the basis for the objection is that the Claimant failed to attach documents to prove that it owns the claim. The court will start its analysis with a determination of what is the evidentiary value of the Claimant's proof of claim.

## B. Evidentiary Value of the Proof of Claim

■ Fed. R. Bankr.P. 3001 governs the filing of a proof of claim. Compliance with this rule provides a significant benefit to a creditor. "A proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." Fed. R. Bankr.P. 3001(f). While an objection based on the failure to comply with this rule is not sufficient for disallowance, the failure does have ramifications for the evidentiary effect of the proof of claim. *B–Line, LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931, 941 (6th Cir.2010).

The relevant portions of Bankruptcy Rule 3001 are as follows:

**(a) Form and content**

A proof of claim is a written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the appropriate Official Form.

**(b) Who May Execute**

A proof of claim shall be executed by the creditor or the creditor's authorized agent except as provided in Rules 3004 and 3005.

**(c) Supporting Information**

**(1) Claim Based on a Writing**

*Except for a claim governed by paragraph (3) of this subdivision,* when a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

**(2) Additional Requirements in an Individual Debtor Case: Sanctions for Failure to Comply**

In a case in which the debtor is an individual:

(A) If, in addition to its principal amount, a claim includes interest, fees, expenses, or other charges incurred before the petition was filed, an itemized statement of the interest, fees, expenses, or charges shall be filed with the proof of claim.

(B) If a security interest is claimed in the debtor's property, a statement of the amount necessary to cure any default as of the date of the petition shall be filed with the proof of claim.

(C) If a security interest is claimed in property that is the debtor's principal residence, the attachment prescribed by the appropriate Official Form shall be filed with the proof of claim. If an escrow account has been established in connection with the claim, an escrow account statement prepared as of the date the petition was filed and in a form consistent with applicable nonbankruptcy law shall be filed with the attachment to the proof of claim.

(D) If the holder of a claim fails to provide any information required by this subdivision (c), the court may, after notice and hearing, take either or both of the following actions:

(i) preclude the holder from presenting the omitted information, in any form, as evidence in any con-

tested matter or adversary proceeding in the case, unless the court determines that the failure was substantially justified or is harmless; or

(ii) award other appropriate relief, including reasonable expenses and attorney's fees caused by the failure.

**(3) Claim based on an open-end or revolving consumer credit agreement**

*(A) When a claim is based on an open-end or revolving consumer credit agreement——except one for which a security interest is claimed in the debtor's real property——a statement shall be filed with the proof of claim, including all of the following information that applies to the account:*

*(i) the name of the entity from whom the creditor purchased the account;*

*(ii) the name of the entity to whom the debt was owed at the time of an account holder's last transaction on the account;*

*(iii) the date of an account holder's last transaction;*

*(iv) the date of the last payment on the account; and*

*(v) the date on which the account was charged to profit and loss.*

*(B) On written request by a party in interest, the holder of a claim based on an open-end or revolving consumer credit agreement shall, within 30 days after the request is sent, provide the requesting party a copy of the writing specified in paragraph (1) of this subdivision.*

Fed. R. Bank. P. 3001(a)-(c)(emphasis added to reflect amendments effective December 1, 2012).

The Debtors have raised two violations of Rule 3001 which they argue should result in the loss of the evidentiary presumption. The Debtors contend that (1) the proof of claim was not properly executed by the servicer for the Claimant because the servicer failed to provide evidence of its authority; and (2) neither the supporting writings nor a statement explaining their loss was attached to the proof of claim. Fed. R. Bankr.P. 3001(b) and (c)(1).

*1. Failure to attach a power of attorney is not a violation of Rule 3001(b).*

■ As noted above, section (b) requires that the proof of claim be executed by the creditor or the creditor's authorized representative, except as provided in Rules 3004 and 3005.[3] In this case, the proof of claim was executed by a party that represents itself to be a servicing agent for the Claimant. The Debtors argue that a bare assertion of authority is not sufficient evidence that the servicing agent has authority to execute the proof of claim. They insist that the Claimant must execute the proof of claim or that the representative must provide a power of attorney. They base this contention on the fact that the proof of claim form used by the Claimant, and which was in use at the time the proof of claim was filed in February of 2011, stated in the signature block, "Attach power of attorney, if any." Proof of Claim No. 11.

Bankruptcy Rule 9010 requires evidence of a power of attorney for any appearance of an agent in a bankruptcy proceeding for any purpose with one significant exception.

**3.** Rule 3004 provides an exception for the debtor or a trustee to file, and presumably execute, a proof of claim when a creditor fails to do. Rule 3005 allows guarantors and oth-er sureties obligated with the debtor, to file, and presumably execute, a proof of claim when a creditor fails to file a proof of claim. Neither exception applies to this case.

Rule 9010 states that evidence of a power of attorney is **not** required for the execution and filing of a proof of claim. Fed. R. Bankr.P. 9010 (emphasis added). Because the Bankruptcy Rules do not require that a representative executing a proof of claim attach a copy of a power of attorney to the proof of claim when it is filed, the court finds that the specific language of Bankruptcy Rule 9010 overcomes the suggested language on Official Form 10. Rule 3001(a) requires that the proof of claim be filed in substantial conformity with Official Form 10. The court concludes, therefore, that a rule that requires only "substantial" conformity should not be read to impose a requirement which has been specifically deleted by another rule. *In re Rehman,* 479 B.R. 238, 244 (Bankr.D.Mass.2012)(noting that a servicer is not an assignee and as a representative of the holder, it is not required to attach power of attorney). The court finds further support for its position in the fact that Official Form 10 was changed in 2012 to delete the direction that an authorized agent must attach a power of attorney if one existed. The 2012 Committee Notes to Official Form 10 state, "Rule 9010(c) does not require that an agent's authority to file a proof of claim be evidenced by a power of attorney." The court does not find that the failure to include a power of attorney would cause the proof of claim to lose its status as prima facie evidence of the validity and amount of the claim.

### 2. *Failure to attach supporting documents is a violation of Rule 3001(c).*

Section (c)(1) requires that, if the claim is based on a writing, that writing must be attached or the circumstances of its unavailability must be explained. Fed. R. Bankr.P. 3001(c)(1). As of December 1,

2012, an exception was added to the requirement to attach supporting documentation for proofs of claim for open-end accounts or revolving consumer credit agreements. Section (c)(3) of Rule 3001, which is italicized above, sets forth the exception. Instead of the documentation, open account creditors must now provide a statement containing five specific items of information which substitutes for the supporting writings. Fed. R. Bankr.P. 3001(c)(3)(A). If the debtor needs more information from the creditor, he must send a written request. Fed. R. Bankr.P. 3001(c)(3)(B).

■ The first question for the court is which section of Bankruptcy Rule 3001 should be applied to determine whether there has been compliance with the rule—3001(c)(1) or the recently added exception in (c)(3). The proof of claim was filed on February 23, 2011, prior to the addition of the exception. The objection was filed in 2013 after the exception became effective. Although the amended rule was in effect at the time of the objection, the court will analyze whether the proof of claim was filed in accordance with Rule 3001 as it existed at the time the proof of claim was filed. The court will apply Rule 3001(c)(1) to determine whether the proof of claim is prima facie evidence of the claim's validity and amount. Although the court may apply the amended rule retroactively in cases where its application is "practicable" and "just," the court does not find that retroactive application is more just or practicable than using the rule that was in effect when the claim was filed. *In re Brunson,* 486 B.R. 759, 770–71 (Bankr.N.D.Tex.2013)(discussion of when retroactive application may be appropriate).[4]

4. Even if the court were to apply the amended rule, the Claimant did not provide the five

items of information required by Bankruptcy Rule 3001(c)(3)(A) and the Debtors did not

■ Prior to December 1, 2012, holders of consumer credit card account debt, like all other creditors, were required by Rule 3001(c)(1) to supply the writings on which the claim was based. In the credit card context, courts differ on what is sufficient documentation to obtain prima facie status. *Pursley v. eCAST Settlement Corp. (In re Pursley)*, 451 B.R. 213, 220 (Bankr.M.D.Ga.2011)(discussing differing views of sufficient documentation); *In re Kemmer*, 315 B.R. 706, 714 (Bankr. E.D.Tenn.2004)(Court found that a monthly statement of account including the debtor's name, account number, account balance as of the date of filing, previous balance, finance and other charges for the period and the annual percentage rate would be sufficient documentation.). The writings on which an open-end account are based may include the account application, the credit card account agreement, the sales slips signed by the debtor and the account statements showing how interest, fees and charges are calculated and added to the principal balance or some combination of the foregoing. Some courts have even found a summary of the credit card use is sufficient. *In re Relford*, 323 B.R. 669, 674 (Bankr.S.D.Ind.2004). The court does not have to address what combination of documents or information would be sufficient in this case because none of these documents were attached to the proof of claim to support the debt. The court concludes that the proof of claim does not comply with Bankruptcy Rule 3001(c)(1); and, therefore, it is not entitled to be treated as prima facie evidence of the validity and amount of the claim. Fed. R. Bankr.P. 3001(f).

Having determined that the proof of claim fails to comply with Bankruptcy Rule 3001(c)(1), the court finds that the proof of claim is not entitled to any special evidentiary status. The court will now consider the validity of the objection.

## C. Validity of the Debtors' Objection

In deciding whether to grant the default, the court must determine whether the Debtors raised a valid objection. There is a substantial controversy among the courts regarding whether an objection based on a failure to comply with Bankruptcy Rule 3001(c)(1) should be sustained. *In re Burkett*, 329 B.R. 820, 826 (Bankr.S.D.Ohio 2005). This is especially true in cases where the debtor has listed the original debt as owed to the assignee. *In re Brunson*, 486 B.R. 759 (Bankr.N.D.Tex.2013); *In re Chalakee*, 385 B.R. 771, 775 (Bankr. N.D.Ok.2008). In this case, there is no issue of the Debtors' having admitted to the Claimant's debt. The debt was not listed originally and when it was listed it was noted as being disputed. Therefore, the court may address this objection without consideration of whether the objection is brought in bad faith or whether the Debtors are estopped from objecting. The issue before the court is solely whether an objection based on a failure to attach supporting documentation of the assignment is a sufficient basis for disallowance.

*1. Background of controversy—Exclusive v. Nonexclusive views of claims disallowance.*

To understand the basis of the controversy, a review of two views of the basis for disallowance of claims is helpful. One view adopts what is termed as the "exclu-

send a written request for additional information under (c)(3)(B). They did send the Claimant the objection. More than 30 days' notice was given between the date the objection was filed in January and the final hearing in March. The court determines that the Claimant should not be held to a rule which had not become effective, but neither is the Claimant prejudiced by the Debtors' failure to comply with Rule 3001(c)(3)(B) in light of all of the other opportunities the Claimant had to respond and supplement its claim.

sive view" and the other is the "nonexclusive view." Those cases which take the exclusive view hold that the debtor must raise one of the grounds found in 11 U.S.C. 502(b) to object successfully to a filed claim. That line of reasoning finds that section 502(b) contains an "exclusive" list of grounds for disallowance. Failure to comply with Rule 3001(c), which requires the attachment of the writings on which the claim is based, is not one of those grounds.[5]

The cases that take the "nonexclusive" view hold that if the creditor fails to remedy the defect in its filing or otherwise prove its claim at the hearing, then the claim should be disallowed. This view results in a creditor losing its right to a distribution solely for failure to attach the supporting documents. This is the minority view. *In re Rochester*, 2005 WL 3670877 (Bankr.N.D.Tex. May 24, 2005), *overruled by In re Brunson*, 486 B.R. 759, 773 (Bankr.N.D.Tex.2013)(Court changed the view it had adopted from nonexclusive to exclusive and noted that the nonexclusive view is now "firmly the minority view.").

The controversy can be seen clearly in the Tenth Circuit where the Court of Appeals adopted the nonexclusive view. The Court of Appeals focused on the creditor's burden to substantiate its claim in cases where the creditor fails to comply with Rule 3001, thereby losing the evidentiary presumption. It noted that the creditor appeared in the case, but failed to present any evidence at the hearing in response to the objection. *Caplan v. B–Line, LLC (In re Kirkland)*, 572 F.3d 838, 840–41 (10th Cir.2009). The Circuit Court reversed the Bankruptcy Appellate Panel of the Tenth Circuit which had adopted the majority exclusive view after a thorough survey of both views. The panel interpreted the debtor's objection as being based solely on the lack of documentation attached to the claim and found that failure to comply with Rule 3001 was not a ground for disallowance. *B–Line, LLC v. Kirkland (In re Kirkland)*, 379 B.R. 341 (10th Cir. BAP 2007).[6]

If this objection is based solely on the failure to comply with Rule 3001(c)(1) and if the applicable law in this circuit is the

**5.** The exclusive grounds include:(1) that the claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law, for reason other than because the claim is contingent or unmatured;(2) it is for unmatured interest;(3) it exceeds the value of the interest of the estate in such property if it is for a tax assessed against property of the estate;(4) it is for services of an insider or attorney of the debtor where the claim exceeds the reasonable value of the services;(5) it is for a debt that is unmatured on the date of the petition and is excepted from discharge under section 523(a)(5); (6) it is the claim of a lessor for damages from the termination of a lease of real property under conditions set forth in 502(b)(6); (7) it is the claim of an employee for damages from the termination of an employment contract under conditions set forth in 502(b)(7); (8) it results from a reduction, due to late payment, in an amount of an otherwise applicable credit available to the

debtor in connection with employment tax; or (9) the proof of claim was filed after the claims bar date. 11 U.S.C. 502(b).

**6.** The controversy surrounding this issue and the implications of the *Kirkland* case continue. In 2012, the Chief Bankruptcy Judge of the District of Colorado questioned the continuing viability of the *Kirkland* rule allowing insufficient documentation to be a basis for disallowance in light of the changes to Rule 3001 which occurred in 2011 and what were proposed changes for 2012 at the time of the opinion's writing. *In re Reynolds*, 470 B.R. 138, 145 (Bankr.D.Colo.2012)(lack of documentation objection must be coupled with a substantive objection regarding standing). *See also In re Richter*, 478 B.R. 30 (Bankr. D.Colo.2012)(lack of documentation and a verified objection based on standing is sufficient for disallowance).

exclusive view, it would be an abuse of this court's discretion to sustain an objection on a legal basis that the Sixth Circuit has rejected, even where there has been no response. "A bankruptcy court abuses its discretion if it bases its ruling upon an erroneous view of the law or a clearly erroneous assessment of the evidence." *Heath v. American Expr. Travel Related Serv. Co., Inc. (In re Heath)*, 331 B.R. 424, 429 (9th Cir. BAP 2005). *See also Riverview Trenton R.R. Co. v. DSC, Ltd. (In re DSC, Ltd.)*, 486 F.3d 940, 944 (6th Cir. 2007).

### 2. The Sixth Circuit has signaled its approval of the exclusive view toward claims disallowance.

Although the Sixth Circuit has not addressed the disallowance of a claim under these specific circumstances, it has signaled that it favors the exclusive view. It discussed the ramifications of failing to comply with Rule 3001 in connection with its consideration of whether credit card creditors violated Rule 9011 when they repeatedly filed claims which did not conform to Rule 3001, and whether the creditors should be subject to sanctions. *B–Line, LLC v. Wingerter (In re Wingerter)*, 594 F.3d 931 (6th Cir.2010); *rev'g In re Wingerter*, 394 B.R. 859 (6th Cir. BAP 2008), *rev'g In re Wingerter*, 376 B.R. 221 (Bankr.N.D.Ohio 2007). In that case, the creditor had appeared and provided substantial proof regarding both the reason for its failure to attach the supporting documentation and also the inquiries it had conducted prior to filing the claim. The Court of Appeals noted that the proof of claim in the case was submitted on an incomplete form. *Id.* at 941. It addressed the failure to comply with Rule 3001(c) in the following manner:

> This deficiency violated Rule 3001(c) of the Federal Rules of Bankruptcy Procedure, which requires that a proof of claim based on a writing include a copy of that writing. The ramifications for this type of violation are well-established, however, and do not result in sanctions. *See Heath v. Am. Express Travel Related Servs. Co., Inc. (In re Heath)*, 331 B.R. 424, 433 (9th Cir. BAP 2005).

*Id.*

The *Heath* case cited by the Sixth Circuit directly addresses whether lack of documentation is a sufficient basis for disallowance of a claim. The Ninth Circuit Bankruptcy Appellate Panel adopted the majority "exclusive" rule. *Heath v. American Express Travel Related Servs. Co., Inc. (In re Heath)*, 331 B.R. at 435. After determining that failure to comply with Rule 3001 is not one of the bases for disallowance under 11 U.S.C. § 502(b), the panel discussed its reasons for rejecting the minority "nonexclusive" view.

> The difficulty with [the minority line of cases] is that evidence of any kind—prima facie or otherwise—is a concern only at a hearing to resolve factual disputes. *See* Fed.R.Evid. 401 (defining "relevant evidence" as that tending to make more or less probable "the existence of any fact that is of consequence to the determination of the action"). The debtors' claim objections raised no factual dispute requiring a hearing. If [creditor's] proofs of claim are analogized to complaints—as is commonly done—then the debtors' objections are like motions to dismiss for failure to state a claim on which relief can be granted. The debtors do not deny any of the factual allegations of the proofs of claim; rather, their objections assert that an evidentiary hearing is unnecessary because of [creditor's] noncompliance with Rule 3001(c). Thus, the question is not the evidentiary impact of noncompliance with the rule, but wheth-

er noncompliance itself renders a claim subject to disallowance. As already noted, it does not.

*In re Heath* at 435–36 (quoting *In re Guidry*, 321 B.R. 712, 715 (Bankr.N.D.Ill. 2005)).

### 3. Application of the Exclusive View to Debtors' Objection.

█ In light of the Sixth Circuit's citation of the *Heath* case for its position on the ramifications of failing to comply with Rule 3001(c)(2), the court concludes that the Sixth Circuit would follow the majority exclusive view. In such a jurisdiction, an objection is not sufficient if it is, in essence, a motion to dismiss for failure to state a claim resulting from a failure to provide the supporting documents. Applying the reasoning of *Heath*, this court must look to see whether the objection filed by the Debtors denies any factual allegation made in the proof of claim. The Claimant's proof of claim satisfied its initial burden of coming forward with "a presentation of any evidence of the claim." *In re Kemmer*, 315 B.R. 706, 713 (Bankr. E.D.Tenn.2004). "At that point, the objecting party is still required to present evidence that the claim is legally deficient." *Id.* To overcome a proof of claim, the Debtors must come forward with some evidence to meet, overcome, or equal the statements in the proof of claim. *Id.* (citing *In re All–American Auxiliary Ass'n*, 95 B.R. 540, 545 (Bankr.S.D.Ohio 1989)). See also *In re Umstead*, 490 B.R. 186, 194 (Bankr.E.D.Pa.2013)("A proof of claim may be prima facie valid despite noncompliance with Rule 3001(c) if it provides sufficient indicia of the claim's validity and amount to justify imposing on the objector the burden and expense of responding with contrary evidence.")

█ The court finds that the Debtors have not raised a factual issue sufficient to overcome the sworn statement by the Claimant in the proof of claim. First, they have not raised a dispute as to the underlying debt. The Debtors amended their Schedule F to list the debt as disputed, but they did not amend their objection to put the Claimant on notice that there was a dispute as to the existence of a debt. Simply scheduling a debt as "disputed" "without affirmatively asserting in the objection that the debtors owe nothing or less than the amount claimed" is not enough to raise a dispute as to the debt for purposes of an objection to the claim. *In re Shank*, 315 B.R. 799, 811 (Bankr.N.D.Ga.2004).

Second, they have not raised a dispute regarding whether the Claimant is the assignee. The Debtors objected because the Claimant did not attach documents showing that it was the holder of the claim. Although their unverified objection was re-characterized in their Brief as an objection to standing, the Debtors did not deny any factual assertion made in the proof of claim. The court does not find that merely re-characterizing an objection based on lack of documentation as one based on standing to be sufficient to meet or overcome the statements in the proof of claim.

█ The Debtors argue that lack of supporting documentation should be enough to support disallowance. They argue that in a Tennessee collection action, just raising the failure of proof is enough to defeat a complaint. The debtor has no burden to represent to the court that he or she does not owe the debt or that the debtor owes someone other than this creditor. *See LVNV Funding, LLC v. Mastaw*, 2012 WL 1534785 (Tenn.App. Apr. 30, 2012)(Tennessee Court of Appeals found that because the creditor was not "the original creditor as to Mastaw's Sears Gold Master Card, creditor must also prove by a preponderance of the evidence that it is the owner of Mastaw's debt." stated that

creditor had to prove how it came to own the claim as part of its proof) placed burden to prove ownership of an assigned account on the creditor).The discussion of the claims objection process in *Heath* and *Kemmer* leads the court to the conclusion that, in an "exclusive view" jurisdiction, a valid objection cannot be based solely on a failure to attach documents even if state law imposes such a burden of proof on a creditor and even if the debtor uses the word "standing" in the objection. In the bankruptcy context, the debtor must also allege that either the debtor does not owe the debt or that the debtor does not owe the Claimant because he or she owes another creditor. Only in view of such a factual dispute does the court then consider the burdens of proof imposed by the applicable law and whether those burdens have been carried by the appropriate party. Requiring the debtor to make such an allegation, and to perform an investigation before doing so, is a burden that the debtor might not have in a state court collection action. A motion to dismiss for failure to state a claim might be enough. However, a requirement to dispute the facts in the proof of claim is imposed on the debtor in bankruptcy proceeding as part of the abbreviated claims resolution process to "secure the just, speedy and inexpensive determination of every case and proceeding." Fed. R. Bank. P. 1001. *See In re Shank,* 315 B.R. 799, 814 (Bankr. N.D.Ga.2004). Congress could have listed failure to comply with Rule 3001 as a basis for disallowance, but it did not.[7]

The court recognizes that in order to make such an allegation, a debtor will have to conduct enough investigation to satisfy Fed. R. Bankr.P. 9011(b). The court also recognizes that after that inquiry, which

may meet with more silence by these creditors, a debtor may left to allege that to the best of his or her knowledge, information and belief, he or she does not have any recollection or record of ever incurring this debt and therefore disputes that it is owed. If the debtor is aware of the debt but not the specific creditor, he or she may allege only that, to the best of his or her knowledge, information and belief, the creditor filing the claim is not the creditor that he or she owes. Despite the lack of specificity, such statements create a factual dispute, and the court has before it factual allegations it may use in determining whether to grant the default judgment.

The court does not see this requirement as imposing an additional burden on a debtor with respect to open account claims. An inquiry will be part of the objection process going forward. As of December 1, 2012, a debtor must make an inquiry of an open account creditor in order to take advantage of the evidentiary sanctions offered for failing to provide documentation. A written request for information is now required by Rule 3001(c)(2)(B)(written request for additional information required to trigger sanctions of Rule 3001(c)(2)(D)).

As a final basis for their contention that lack of documentation should be enough, the Debtors' counsel also raises the potential for abusive filings by creditors if they are not required to comply with Rule 3001, and increased costs to debtors and trustees if they are required to object to claims which are unrecognizable. As support, he points to 38 claims filed in other cases by this creditor to which debtors have objected and which this creditor has failed to defend. He has asked the court to infer that the failure to defend these claim ob-

---

7. Some courts have held that such documentation is not required at all for claims which are transferred before the proof of claim is

filed. *Relford,* 323 B.R. at 679–80; Fed. R. Bankr.P. 3001(e)(1). *But see In re Kincaid,* 388 B.R. 610, 616 (Bankr.E.D.Pa.2008).

jections is evidence of abusive or fraudulent conduct rather than the result of an economic decision not to defend a $365.06 claim. The court is unwilling to draw such an inference based on the proof of claim before it. As to a broader concern generally, criminal penalties and sanctions available under the Federal Rules of Bankruptcy Procedure are available for to deter creditors from filing overstated or fraudulent claims. *In re Shank,* 315 B.R. 799, 815 (Bankr.N.D.Ga.2004). For example, a court of appeals has recently affirmed an award for damages and sanctions for a case of abuse of process related to ignoring the claims objection process and pursuing a discharged debt brought through an adversary proceeding. *Hann v. Educational Credit Mgmt. Corp. (In re Hann),* 711 F.3d 235, 243 (1st Cir.2013). Those remedies are available to address the first concern raised by the Debtors. Even if those deterrents are not enough, the Sixth Circuit has been clear that disallowance is not a remedy for an objection based on lack of documentation. *B–Line, LLC v. Wingerter (In re Wingerter),* 594 F.3d 931 (6th Cir.2010).

▮ As to the issue of the burden of the costs associated with these objections, the burden of objecting to claims is imposed by statute on a party in interest. 11 U.S.C. § 502(b). That party is generally the party that does not want the claim paid. The process admittedly favors creditors in an exclusive view jurisdiction.

> ... [The Bankruptcy Rules] envision much simpler, expedited proceedings without all the trappings of normal civil litigation. They do not envision the determination of claims based on procedural technicalities such as whether a proof of claim includes adequate documentation or whether a creditor on 30 days notice may be 'put to its proof' in the absence of any indication that there is,

in fact, a bona fide controversy over the amount of the debt.

*Shank,* 315 B.R. at 814. The creditor may neglect to supply the information required by Rule 3001(c). lose the prima facie presumption, and still have a claim unless the debtor goes on record to contradict the specific allegations in the proof of claim. Nevertheless, in light of the Bankruptcy Code's limited bases for disallowance, its allocation of the burden to bring the objection, and the process implemented by the Bankruptcy Rules to do so, the court does not find any basis to impose a requirement on a creditor for the purpose of reducing the number of claims which that creditor files.

▮ This court's interpretation of the "exclusive view" should not be read to excuse a creditor from ever having to file the documents that support its claim or to create an insurmountable obstacle to debtors and trustees who object to assigned claims. If the creditor fails to respond after the factual dispute is raised, then the creditor's lack of proof could become a basis for disallowance. The *Heath* Panel discussed when failure to respond to a request for information or documentation might develop into a basis for disallowance.

That said, we agree with courts in the majority that creditors have an obligation to respond to formal or informal requests for information. That request could even come in the form of a claims objection, if it is sufficiently specific about the information required.[ ] This obligation to respond applies regardless whether Creditors have met their obligation to provide a summary under Rule 3001(c). *See [In re] Cluff,* 313 B.R. [323] at 335–36 [ (Bankr.D.Utah 2004) ] ("using a summary also requires the creditor to make the underlying documents available for examination at a rea-

sonable place and time, and such creditors should not underestimate the Court's willingness to compel them to do so," interpreting Form 10 and Fed. R. Bankr.P. 3001 consistent with Fed. R.Evid. 1006); *Shank*, 315 B.R. at 816 (noting creditors' obligation to respond to "appropriate request, formal or informal").

If the creditor does not provide information or is unable to support its claim, then that in itself may raise an evidentiary basis to object to the unsupported aspects of the claim, or even a basis for evidentiary sanctions, thereby coming within Section 502(b)'s grounds to disallow the claim. *Shank*, 315 B.R. at 816. (creditor who fails to provide supporting documentation "may well find itself with a disallowed claim"); Fed.R.Civ.P. 37(a)(4) and (b)(2)(A) and (C) (incorporated by Fed. R. Bankr.P. 7037 and 9014(c)). We would be faced with a very different case if, for example, Debtors' objections stated that they had written to a Creditor explaining that they questioned specific charges, or that during the slide into bankruptcy they had not reviewed or retained their monthly statements, and therefore they wanted the past twelve months' credit card statements to verify the Creditor's calculation of principal, interest, and other charges. As one decision explains:

> If the debtor thinks that every one of the challenged claims is overstated, that every claimant has included illegal or unauthorized charges, or that for any reason she has no liability to any of them, she may investigate fully her theories and raise every viable claim or defense that she has. If the debtor requires documentation to make a good faith inquiry into the existence or amount of any liability and a claimant refuses a legitimate request to produce it, an objection

that asserts her good faith challenge and requests disallowance of the claim due to inadequate documentation would be appropriate and could well result in entry of an order disallowing the claim or requiring its amendment....

> But if the debtor thinks, for example, in accordance with her sworn statement in Schedule D in this case, that she owes First North American National Bank only $1,776.00 on the proof of claim filed by its assignee for $12,992.72, the proper objection is that the claimant has not established anything in excess of the amount the debtor admits is owed, not a request for complete disallowance of the claim merely because of inadequate documentation.

*Shank*, 315 B.R. at 815.

*In re Heath*, 331 B.R. at 436–37 (9th Cir. BAP 2005)(footnote omitted).

Applying that reasoning to this case, if the Debtors had disputed the debt or the identity of the party to whom that particular debt was owed, then the court could have determined that the Debtors' contentions were true in light of the Claimant's failure to respond. Under those circumstances, the court could have appropriately granted the relief the Debtors requested under Rule 7055 and E.D.Tenn. LBR 9013–1(f)(4).

## V. Conclusion

Because the court finds that the only basis for disallowance raised by the Debtors was the lack of documentation evidencing the Claimant's standing, the court does not have a valid basis for disallowance of the proof of claim under 11 U.S.C. § 502(b). The court will overrule the Debtors' objection based on failure to attach documentation showing that the

Claimant is the holder of the claim. Because the Debtors requested an opportunity to renew their withdrawn objections in the event the court overruled their objection based on lack of documentation and because the Debtors did raise the statute of limitations as a defense and amended Schedule F to reflect a dispute with respect to the underlying debt, the court will grant that request. The Debtors shall have fourteen days to amend or renew their objections. Failure to amend the objection will result in the court overruling the objection without prejudice.

A separate order will enter.